RICHARDS v. E. V. & J. F. O'NEAL.

(Court of Civil Appeals of Texas. Ft. Worth. April 5, 1913.)

1. JUDICIAL SALES (§ 19*) — LIABILITY OF BIDDERS.

Where on a sale in a suit to foreclose a vendor's lien the property was struck off to the holders of the lien on a bid by their brother assuming to act in their behalf, they were not bound by the purchase unless the brother was authorized to bid and purchase for them.

[Ed. Note.—For other cases, see Judicial Sales, Cent. Dig. §§ 41–43, 45, 46; Dec. Dig. § 19.*]

2. APPEAL AND ERROR (§ 1011*)—REVIEW—QUESTIONS OF FACT.

Where the holders of a vendor's lien and their brother both testified that the brother had no authority to bid for the holders of the lien at a sale of the property under foreclosure, the trial court's finding that he acted without authority was not erroneous, although there were circumstances tending to show such authority.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3983–3989; Dec. Dig. § 1011.*]

Error to District Court, Palo Pinto County; W. J. Oxford, Judge.

Action by Frank Richards against E. V. & J. F. O'Neal. Judgment for defendants, and plaintiff brings error. Affirmed.

McKinzie & Kinchen, of Ft. Worth, for plaintiff in error. Penix & Eberhart, of Mineral Wells, for defendants in error.

CONNER, C. J. In September, 1909, defendants in error E. V. & J. F. O'Neal recovered a judgment against plaintiff in error, Frank Richards, and others for the sum of $1,514.80, with interest and costs and foreclosure of a vendor's lien on certain lots situated in the city of Mineral Wells, Palo Pinto county. In October thereafter defendants in error caused an order of sale to be issued which was levied upon the property referred to, and at a sale by virtue of the order the lots were struck off to defendants in error by the sheriff for the sum of $1,500. Defendants in error were not present at the same, and the bid in their behalf was by W. E. O'Neal, a brother, who assumed to act for defendants in error. He received the sheriff's deed, but defendants in error immediately upon being informed of the sale refused to receive the deed, so notifying plaintiff in error, Richards, and returned it to the sheriff. Thereafter defendants in error caused an alias order of sale to be issued and levied upon the same property,

which was again sold by the sheriff; they becoming the purchasers for the sum of $123.40, which was duly credited upon the judgment. Yet later, viz., on September 24, 1910, by virtue of the judgment mentioned, defendants in error caused an alias execution for the remainder to be issued and levied upon the N. E. ¼ of section 24, patented in the name of H. T. Henry and owned by plaintiff in error, who instituted this suit to enjoin the sale. As presented by the pleadings of plaintiff in error, the judgment referred to had been entirely paid and discharged by the sale of the lots upon which the vendor's lien existed for $1,500 and by the further payment of $123.40 specified in defendants in error's petition for the injunction; it being particularly alleged that in the first sale of said lots a duly authorized agent acted for defendants in error. This was particularly denied by defendants in error, and the case was tried upon that issue; the result being a judgment for defendants in error from which this writ of error has been prosecuted.

[1, 2] Several of the assignments of error are justly subject to defendants in error's objection thereto for want of compliance with the rules, but, they all in some form present the simple question of whether the evidence supports the judgment on the controlling issue, and of this we have no doubt after due consideration. If, as defendants in error alleged, W. E. O'Neal was without authority from them to bid, and for them to purchase at the sheriff's sale, as he did, it necessarily follows that they were not bound by the purchase. While, as plaintiff in error contends, there were circumstances which we need not particularly review tending to show the existence of such authority, they are by no means conclusive. Defendants in error plainly testified that W. E. O'Neal was without authority, and W. E. O'Neal himself testified that he acted without being authorized, so that on the whole it cannot be said that the court was in error in finding as he did. We are of the opinion that the evidence supports the judgment, and that the court therefore did not err as assigned in overruling plaintiff in error's motion for a new trial.

Judgment affirmed.